**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| ROSE MARY and WILLIAM BOGNAR, Individually, and as husband and wife, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | NO. 3:10-CV-173 |
| ROBERT BLANTON and ANNETTE HOLDINGS, INC. d/b/a TMC TRANSPORTATION, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Objection to Notice of Removal of Civil Action (DE #7), filed by Plaintiffs Rose Mary and William Bognar. For the reasons set forth below, the Objection, which the Court has construed as a Motion to Remand, is **GRANTED** and this case is **ORDERED REMANDED** to the St. Joseph County Superior Court.

BACKGROUND

On March 11, 2010, Rose Mary and William Bognar (collectively, "Plaintiffs"), filed a Complaint in the St. Joseph County Superior Court (71D04-1003-CT-00048). The Complaint alleges that Defendant

Robert Blanton ("Blanton") disregarded a red traffic signal, causing the semi-truck he was driving to collide with Plaintiff Rose Mary Bognar's vehicle. (DE #1, p. 1.) The Complaint states:

> As a proximate result of collision, Plaintiff, Rose Mary Bognar, sustained serious physical injuries, which is [sic] permanent, and pain and suffering. [T]he Plaintiff incurred hospital and medical expenses and may incur such expenses and losses in the future, as well as the loss of a whole and useful life."

(*Id*. at 1-2.) The Complaint further alleges that Defendant Annette Holdings, Inc., d/b/a TMC Transportation ("Annette Holdings, Inc."), is "vicariously liable for the careless and negligent acts of its agent and/or employee, Robert Blanton, while driving in the course and scope of his employment at the time of the accident." (*Id*. at 2.) Plaintiff William Bognar, Rose Mary Bognar's spouse, also brings a claim because he "lost the services and consortium of his spouse." (*Id*.)

On May 3, 2010, a Notice of Removal of Civil Action ("Notice of Removal") was filed by Annette Holdings, Inc. and Defendant Blanton (collectively, "Defendants") (DE #2). In that Notice, Defendants set forth their contentions for removal based on diversity jurisdiction under 28 U.S.C. § 1332. On May 6, 2010, Plaintiffs filed an Objection to Notice of Removal of Civil Action ("Objection"), claiming that Defendants' Notice of Removal is untimely under 28 U.S.C. § 1446(b). (DE #7.) On the same day Plaintiffs filed their Objection, Defendants filed a Verified Response to Plaintiff's Objection to Notice of Removal of Civil

Action ("Response") and provided a declaration that they were unable to file the Notice of Removal in a timely manner due to "technical difficulties" of the CM/ECF system. (DE #8, p. 2; DE #8-1, p. 1.) On May 7, 2010, Plaintiffs filed a Reply to Defendants' Verified Response to Objection to Notice of Removal of Civil Action ("Reply") (DE #9).

Because questions existed regarding the content and timing of the Notice of Removal, the Court took the Objection under advisement and ordered Defendants to submit an amended Notice of Removal which provided information regarding the timing of the service of the Complaint and the basis for the assertion of diversity jurisdiction (DE #10). The Court also granted Plaintiffs leave to file a supplemental brief detailing any additional arguments they deem necessary to support their Objection based upon the Defendants' Notice of Removal.

Defendants have now filed a Verified Amended Notice of Removal of Civil Action ("Amended Notice of Removal") (DE #11). In the Amended Notice of Removal, Defendants set forth their contentions for removal based on diversity jurisdiction under 28 U.S.C. § 1332 as follows: (1) the amount in controversy "exceeds $75,000 based upon claimed medical special damages of $35,988.83 as submitted by counsel for Plaintiff in correspondence of February 17, 2010, and

. . . the claims of serious, permanent physical injuries[1];" (2) Plaintiffs are citizens of Indiana; (3) Defendant Annette Holdings, Inc. is an Iowa corporation with its principal place of business in Des Moines, Iowa; and (4) Defendant Blanton is a citizen of the state of Tennessee with his primary residence located at 745 Benson Town Road, Savannah, Tennessee. (DE #11, p. 3.)

Defendants have attached certified mail return receipts which verify that Defendant Blanton was served on March 27, 2010 (DE #11-1, p. 1), and Defendant Annette Holdings, Inc. was served on March 29, 2010 (DE #11-2, p. 1). Both parties agree that, in order to be timely under the thirty (30) day requirement found in 28 U.S.C. section 1446(b), the Notice of Removal must be deemed by this Court filed as of April 28, 2010.

While the original Notice of Removal indicated, with no qualifications or other explanations, that the Notice was "filed with this Court within 30 days after service on removing parties" (DE #2, p. 2), the Amended Notice of Removal explains at length that Defendants first "attempted" to electronically file the Notice of Removal on April 28, 2010, but were unable to "complete" the filing until April 29, 2010. (DE #11, p. 2.) Defendants state:

> 7. Upon learning the date of service, the undersigned and his assistant attempted to file the Notice of Removal of Civil Action via CM/ECF electronic filing pursuant to the local

[1] Defendants also state that they have been provided with photographs showing extensive bruising around the abdomen and lower body and that preliminary settlement discussions would support the conclusion that Plaintiffs are seeking in excess of $75,000. (DE #11, p. 3.)

> rules at approximately 4:30 p.m. on April 28, 2010.
>
> 8. Counsel was unable to complete the electronic filing because the action had not yet been assigned a cause number in the United States District Court for the Northern District of Indiana, South Bend Division and the filing could not be accepted without a cause number.
>
> 9. The undersigned attempted to telephone the Court to discuss the situation but the recording indicated that regular business hours ended at 4:00 p.m.
>
> 10. By the time counsel had attempted to file the pleadings electronically and attempted to contact the Court the time was after 5:00 p.m. on April 28, 2010 and it was determined that he would phone the Court in the morning.
>
> 11. Upon reaching the Court on the morning of April 29, 2010 we were told to file the pleadings conventionally on paper and serve them via regular mail, which was performed on April 29, 2010.
>
> 12. Service of the Notice of Removal of Civil Action, Appearance and Jury Demand were made upon plaintiffs' counsel via regular mail on April 29, 2010.

(DE #11, pp. 2-3). The filings were not received by the Clerk's Office until May 3, 2010.

Plaintiffs have filed a Response to the Amended Notice of Removal, again stating that Defendants' Amended Notice of Removal is untimely, that there was no excusable "technical failure" of the CM/ECF system which caused the untimely filing, and that the "only failure was that of Defendants' counsel for not acting promptly to file the notice of removal and not understanding how to properly

use the CM/ECF system. This simply does not excuse the untimely filing and does not extend the strict time limitation mandated by 28 USC § 1446(b).” (DE #12, p. 2.)

DISCUSSION

A case may be removed from state court to federal court if it is based on statutorily permissible grounds and if it is timely. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). *See* 28 U.S.C. § 1441; 28 U.S.C. § 1446. The Seventh Circuit has directed that, “[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. Any doubt regarding jurisdiction should be resolved in favor of the states, and the burden of establishing federal jurisdiction falls on the party seeking removal.” *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (citations omitted). The party seeking removal must demonstrate that removal is proper. *Boyd*, 366 at 529. “[I]t is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction.” *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). When challenged, the party seeking federal jurisdiction bears the burden of proving by a preponderance of the evidence that a case belongs in federal court. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006). Even where not challenged by the party opposing removal, “federal

courts are always obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Products Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (quotation marks and citation omitted). The Court, therefore, must complete a two step process when determining whether a motion to remand should be granted.

A remand order based on the authority of 28 U.S.C. section 1447(c), which includes a defect in the removal procedure, is not reviewable on appeal. See 28 U.S.C. § 1447(d); *In re Mutual Fund Market-Timing Litigation*, 495 F.3d 366, 368 (7th Cir. 2007) ("untimely removals are procedurally defective, and thus within the scope of § 1447(c), so § 1447(d) [is] fully applicable.")

Subject-matter Jurisdiction

Defendants removed this case from state court based on diversity jurisdiction. 28 U.S.C. § 1332. For diversity jurisdiction to exist, the parties are required to have diverse citizenship and the matter in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a). It is a removing party's burden to demonstrate that both the complete diversity of citizenship and the amount in controversy requirements were met as of the time it filed its notice of removal. *Tylka*, 211 F.3d at 448 (*citing In re County Collector*, 96 F.3d 890, 895 (7th Cir. 1996); *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995)).

Although the Court originally had concerns regarding proper allegations of diversity jurisdiction (see Court's Order DE #10, pp. 7-12), the Amended Notice of Removal has cured those defects, and Plaintiffs do not dispute that diversity jurisdiction exists. Therefore, the Court moves to the second step of the analysis.

Procedural Requirements

Defendants desiring to remove a civil action from state court to federal court must comply with the procedures set forth in 28 U.S.C. § 1446. These procedures mandate that the notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Although the thirty day time limit in § 1446(b) is not jurisdictional, it is a mandatory and strictly applied rule of procedure. *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 273 (7th Cir. 1982). The Supreme Court has clarified that the removal clock under § 1446(b) is triggered when one of four events occurs: (1) if the summons and complaint are served together, the 30-day period for removal runs at once; (2) if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint; (3) if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of

the complaint is not required, the removal period runs from the date the complaint is made available through filing; and (4) if the complaint is filed in court prior to any service, the removal period runs from the service of the summons. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999).

In terms of the actual filing/docketing of the notice of removal, the Court notes that several of the Local Rules and the CM/ECF Civil and Criminal User Manual (the "Manual") seemingly overlap. For example, in this district, the Local Rules hold that:

> Documents may be filed, signed and verified by electronic means to the extent and in the manner authorized by the CM/ECF User Manual approved by the court. A document filed by electronic means in compliance with this Local Rule constitutes a written paper for the purposes of these Local Rules, the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure.

N.D. Ind. L.R. 5.1. The approved Manual states:

> Unless otherwise permitted by these procedures or otherwise authorized by the assigned judge, all documents submitted for filing in this district in civil and criminal cases, no matter when a case was originally filed, shall be filed electronically using the System.

CM/ECF Civil and Criminal User Manual section II(A)(1). However, the Manual also provides:

> All new civil complaints **must be filed conventionally on paper**, accompanied by a Civil Cover Sheet (JS-44c) and summons forms with the top portion completed. The court will upload these documents into the System.

CM/ECF Civil and Criminal User Manual section II(B) (emphasis added). The Manual further states that:

> Filing documents electronically does not alter any filing deadlines or any time computation pursuant to Fed. R. Civ. P. 6. . . . Nevertheless, all electronic transmissions of documents must be completed (i.e., received completely by the clerk's office) prior to midnight Eastern Time . . . in order to be considered timely filed that day, regardless of the local time in the division where the case is pending. Although documents can be filed electronically 24 hours a day, filers are strongly encouraged to file all documents during hours when the CM/ECF Help Line is available, from 9:00 a.m. to 4:00 p.m. local time.

CM/ECF Civil and Criminal User Manual section II(I). In the section describing technical failures, the Manual states:

> A. The Court's System
>
> The Clerk shall deem the Public Web site for the Northern District of Indiana to be subject to a technical failure on a given day if the site is unable to accept filings continuously or intermittently over the course of any period of time greater than one hour after 12:00 noon that day, in which case filings due that day which were not filed due solely to such technical failures shall become due the next business day. Such delayed filings shall be rejected unless accompanied by a declaration or affidavit attesting to the filing person's failed attempts to file electronically at least two times after 12:00 p.m. separated by at least one hour on each day of delay due to such technical failure. . . .
>
> B. The Attorney's System
>
> If the attorney is unable to file a document in a timely manner due to technical difficulties in the user's system, the

> attorney must file a document with the court as soon as possible notifying the court of the inability to file the document. . . .

CM/ECF Civil and Criminal User Manual section VI.

Although there was some dispute originally as to the applicable dates (see Court's Order DE #10, pp. 13-15), both parties now agree that Defendant Blanton received the Summons and Complaint via certified mail on March 27, 2010, and that Defendant Annette Holdings, Inc. received the Summons and Complaint via certified mail on March 29, 2010. Therefore, the dispute centers around whether Defendants' "attempted" electronic filing of the Notice of Removal on April 28, 2010, was sufficient to stop the thirty (30) day removal clock. For the reasons set forth below, the Court finds that it did not.

As an initial matter, the Court is troubled by the fact that Defendants made no mention of their filing difficulties when they submitted their original Notice of Removal. Instead, they simply stated that the Notice was "filed with this Court within 30 days after service on removing parties." It was not until after Plaintiffs filed their Objection to the Notice of Removal that Defendants submitted a Declaration detailing their failed efforts to file electronically via the CM/ECF on April 28, 2010. The Manual clearly states that an attorney must file a document "as soon as possible" to notify the Court of any filing issues. The Court is at a loss to understand why this declaration/verification was not filed along with the other removal documents on May 3,

2010. Although not dispositive of the matter, the Court notes that it should not have taken Plaintiffs' Objection to prompt Defendants' explanation.

Defendants initially claimed that there was a "technical failure" of the CM/ECF which caused the delay in filing. However, the Court finds that, based on the wording of the Manual, there was neither a technical failure of the Court's system nor of the attorney's system. The facts presented do not support a technical failure. Defendants are correct in noting that the Manual states "[u]nless otherwise permitted," all documents "shall be filed electronically using the System." However, a close reading of the Manual also reveals that "civil complaints must be filed conventionally on paper" and that the Court will then upload these documents into the System.

A notice of removal is analogous to a federal civil complaint in that it is the initiating document of the federal portion of the case; indeed, the notice of removal must include a copy of the complaint. See *White v. Wellington*, 627 F.2d 582, 587 (2d Cir. 1980)("The petition to remove is analogous to a pleading."); see also 28 U.S.C. § 1446(a) ("A defendant . . . shall file in the district court . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, **together with a copy of all process, pleadings, and orders served upon such defendant**") (emphasis added). This is not a case of a *pro se* filer who is unaware of the complexities of civil litigation. The Court

does not think it unreasonable to require a practicing attorney to read the Local Rules, the Manual, and the Federal Rules of Civil Procedure together to conclude that a notice of removal must be filed conventionally on paper in order to initiate a federal removal action. Therefore, the Court finds that there was a misunderstanding by Defendants of the filing procedures in general, rather than a technical failure of any kind. The "attempted filing" of the Notice of Removal via the CM/ECF on April 28, 2010, did not stop the removal clock because the document was not tendered to the Clerk of the Court until May 3, 2010.[2] As such, the Notice of Removal is untimely and the case must be remanded on this basis.

As a final matter, the Court notes it has taken to heart the Seventh Circuit's directive that it should "interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (citations omitted). Defendants are not significantly

---

[2] Although neither party provides arguments or citations to applicable Seventh Circuit case law, the Court is aware of several instances in which the Seventh Circuit, relying in part on Federal Rule of Civil Procedure 5(d)(4), has held that documents tendered via the CM/ECF should not be later rejected because of a technical error. See *Vince v. Rock County, Wis.*, 604 F.3d 391, 393 (7th Cir. 2010) ("[t]he software that operates an e-filing system acts for 'the clerk' as far as Rule 5 is concerned; a step forbidden to a person standing at a counter is equally forbidden to an automated agent that acts on the court's behalf"); *Farzana K. v. Indiana Dept. of Educ.*, 473 F.3d 703, 708 (7th Cir. 2007) (an electronic filing system "must accept every document tendered for filing."). This case is distinguishable, however, because, unlike in *Vince* and *Farzana* where there was a clear record of the documents being filed electronically and then later rejected by the system due to a technicality, there is insufficient evidence in this case that the documents were ever timely "tendered" to the Clerk of the Court for acceptance (or rejection) on April 28, 2010; the removal documents were not submitted to the Clerk of the Court in any manner until May 3, 2010.

prejudiced by this remand order, nor are they deprived of their right to defend themselves before a competent court of law. Here, Plaintiffs have objected to removal and have presented a legitimate reason, namely the untimeliness of the Notice of Removal, for the case to be remanded to state court. The Court, in its discretion, concludes that this result, resolving any doubt in favor of the states, most closely complies with *Doe*.

## CONCLUSION

For the reasons set forth above, the Objection (DE #7), which the Court has construed as a Motion to Remand, is **GRANTED** and this case is **ORDERED REMANDED** to the St. Joseph County Superior Court.

**DATED: September 8, 2011**

**/s/RUDY LOZANO, Judge**
**United States District Court**